UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRADLEY A. CHICOINE, D.C., DR. BRADLEY A. CHICOINE, D.C., P.C., MARK A. NILES, D.C., NILES CHIROPRACTIC, INC., ROD R. REBARCAK, D.C., and BEN WINECOFF, D.C., on behalf of themselves and those like situated, <br><br> and <br><br> STEVEN A. MUELLER, D.C., BRADLEY J. BROWN, D.C., BROWN CHIROPRACTIC, P.C., MARK A. KRUSE, D.C., DR. MARK A. KRUSE, D.C., P.C., KEVIN D. MILLER, D.C., and LARRY E. PHIPPS, D.C., on behalf of themselves and those like situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLMARK INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, an Iowa corporation, and WELLMARK HEALTH PLAN OF IOWA, INC., an Iowa corporation, <br><br> Defendants. | No. 4:17-cv-00210 <br><br><br><br><br><br><br><br> **NOTICE OF REMOVAL** |

COME NOW, Defendants Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa and Wellmark Health Plan of Iowa, Inc. ("Wellmark") and file this Notice of Removal of this case from the Iowa District Court for Polk County, in

which it is now pending, to the United States District Court, Southern District of Iowa, Central Division. In support of this Notice of Removal, Wellmark states:

1. On October 5, 2015, plaintiffs, individually and on behalf of all others similarly situated, commenced this civil action in the Iowa District Court for Polk County, bearing Case Number CVCV050638. Polk County is within the jurisdiction of the Southern District of Iowa. Defendant Wellmark was served with a copy of the Class Action Petition for Damages on October 6, 2015.

2. The action alleges that Wellmark conspired with the Blue Cross Blue Shield Association ("BCBSA"), thirty-five of BCBSA's Blue Cross Blue Shield member Plans ("Blue Plans") from all around the country, and an unspecified group of Wellmark's self-funded accounts in violation of the Iowa Competition Act, Iowa Code § 553.4 (2007), *et seq.*, through market allocation and price fixing agreements. However, in an attempt to avoid federal jurisdiction, plaintiffs chose only to name Wellmark—not BCBSA or its member Plans.

3. On December 4, 2015, Wellmark filed a motion for stay, which was granted on January 28, 2016 by the Honorable Michael D. Huppert. Plaintiffs appealed Judge Huppert's order, and the Supreme Court of Iowa vacated the order and remanded for further proceedings. Judge Huppert lifted the stay on May 16, 2017.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process, and orders that have been served on Defendants are attached hereto as Exhibits A through KK.

**DIVERSITY JURISDICTION**

5. The Class Action Fairness Act ("CAFA") provides that a class action may be removed if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b), 1332(d). All three requirements are met here.

6. CAFA's first requirement—that class membership be no less than 100—is easily satisfied here. The putative class is alleged to consist of "approximately 1200 chiropractors." (Exhibit B, Petition at Law, at ¶ 20.)

7. CAFA's second requirement—that any one member of the purported class be a citizen of a state different from any defendant—is also satisfied here. Plaintiff alleges that Wellmark acted in conspiracy with BCBSA, an Illinois corporation located in Chicago, Illinois, but chose not to name BCBSA as a defendant. However, BCBSA (not Wellmark) owns and licenses the Blue Cross® and Blue Shield® trademarks ("Blue Marks"). BCBSA (not Wellmark) administers the BlueCard Program. BCBSA therefore has an interest relating to the subject of this action and its absence as a defendant herein, as a practical matter, impedes its ability to protect that interest.

8. BCBSA is a primary defendant in this matter.

9. Accordingly, BCBSA has been improperly omitted as a defendant from this lawsuit. BCBSA has moved to intervene as a defendant. (Exhibit KK, Motion to Intervene.) If the motion is granted, minimal diversity will exist.

10. CAFA's third and final requirement—that the aggregate amount in controversy exceed $5,000,000, exclusive of interest and costs—is also easily satisfied.

11. In order to invoke federal jurisdiction, Wellmark merely must provide an estimate of the amount in controversy which is "plausible and adequately supported by the evidence." *Bloomberg v. Service Corp. Intl*, 639 F.3d 781, 763 (7th Cir. 2011). The Eighth Circuit has made clear that this simply is a "pleading requirement, not a demand for proof," and that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (internal quotations omitted). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Bloomberg*, 639 F.3d at 764 (internal citations omitted).

12. Wellmark estimates that plaintiffs seek to recover more than $5,000,000 in this case. Among other things, plaintiffs seek damages on behalf of a putative class of 1,200 chiropractors over a thirteen-year period. (Exhibit B, Petition at Law, at ¶¶ 20, 28 and 40.) Plaintiffs further allege that Iowa chiropractors are paid "much less than 50% of what Wellmark defendants and their co-conspirators pay other health care practitioners in Iowa for the same or similar services." (*Id.* at ¶ 40.) And $5 million is a small fraction of what Wellmark pays all Iowa chiropractors in just one year.

4

13. During the three-year period preceding the filing of this matter, one or more other class actions asserting the same or similar claims on behalf of the same or other persons has been filed. (*E.g.*, 9/30/14 Consol. 2d Am. Compl. ¶ 51 (Provider Track), *In re BCBS Antitrust Litigation*, No. 2:13-CV-20000-RDP (N.D. Ala.).)

**PROCEDURAL REQUIREMENTS UNDER REMOVAL STATUTE**

14. This Notice of Removal is timely. "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). In turn, § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

15. On June 14, 2017, BCBSA filed a motion to intervene in this litigation in the Iowa District Court for Polk County, under Iowa Rules of Civil Procedure 1.407(1) and 1.407(2). (Exhibit KK, Motion to Intervene.) BCBSA's motion, if granted, creates minimal diversity sufficient to confer federal jurisdiction.

16. BCBSA's motion to intervene was delivered to Wellmark by BCBSA's counsel on or about June 14, 2017. The date of this Notice of Removal is within

thirty days of receipt of the motion by Wellmark. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and § 1453(b).

17. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Iowa District Court for Polk County.

18. By filing this Notice of Removal, Wellmark does not waive any defense, argument, or principle of equity which may be available to it.

19. Based upon the foregoing, Wellmark respectfully submits that: (i) this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453; and (ii) the procedural requirements of 28 U.S.C. § 1446 are met.

WHEREFORE, the above-described action now pending against Wellmark in the Iowa District Court for Polk County is removed to the United States District Court for the Southern District of Iowa.

*/s/ Benjamin P. Roach*
Benjamin P. Roach
Hayward L. Draper
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA  50309
Telephone:  (515) 283-3100
Facsimile:  (515) 283-8045
E-mail:  bproach@nyemaster.com
E-mail:  hdraper@nyemaster.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2017, I presented the foregoing document to the Clerk of the Court for filing and uploading into the ECF system, which will send notification to the following ECF system participants.

Glenn L. Norris
HAWKINS & NORRIS, P.C.
2501 Grand Avenue, Suite C
Des Moines, IA  50312-5399
Telephone:  (515) 288-6532
Facsimile:  (515) 281-1474
Email:      gnorris@2501grand.com
Email:      gnorrislaw@gmail.com

Steven P. Wandro
Kara M. Simons
Alison F. Kanne
WANDRO & ASSOCIATES, P.C.
2501 Grand Avenue
Des Moines, IA  50312
Telephone:  (515) 281-1475
Facsimile:  (515) 281-1474
Email:  swandro@2501grand.com
Email:  ksimons@2501grand.com
Email:  akanne@2501grand.com

Harley C. Erbe
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, IA  50312-5399
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
Email:  herbelaw@aol.com

ATTORNEYS FOR PLAINTIFFS

Jeffrey A. Krausman
Joan M. Fletcher
DICKINSON, MACKAMAN, TYLER
  & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA  50309
Telephone:  (515) 246-4525
Facsimile:  (515) 246-4550
Email: jkrausman@dickinsonlaw.com
Email:  jfletcher@dickinsonlaw.com

ATTORNEYS FOR INTERVENOR

      */s/ Benjamin P. Roach*